UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
UNITED STATES OF AMERICA,

                                                                     1:99-CR-133
                                                                      (LEK)

     v.

LOIS A. SHOEMAKER,

               Defendant.
-----------------------------------------------------------------------

## ORDER

**I.    Background.**

      Currently before the Court is a Motion to Eliminate Enhancements and Reduce Sentence dated April 6, 2005 from Lois A. Shoemaker ("Shoemaker").

      On March 29, 1999, Shoemaker pled guilty to charges of making false statements on a credit card application in the United States District Court for the Northern District of New York. She was sentenced to fifteen months imprisonment and five years of supervised release. On April 29, 2004, Shoemaker plead guilty to violating the terms of her supervised release and was sentenced to twenty-two months imprisonment.

      In her motion, Shoemaker states that in light of recent Supreme Court rulings in United States v. Booker, ___ U.S. ___ (2005) and United States v. Fanfan, ___ U.S. ___ (2005), this Court's imposition of enhancements under the Federal Sentencing Guidelines in the calculation of her sentence violated the Six Amendment of the United States Constitution.

## II. Discussion

Shoemaker wishes to challenge her federal sentence.  A motion to the sentencing court pursuant to 28 U.S.C. § 2255 ("Section 2255 motion") is generally the appropriate vehicle for challenging a sentence imposed by a federal court.  See 28 U.S.C. § 2255; United States v. Hayman, 342 U.S. 205, 217 (1952).

This Court cannot properly recharacterize the motion as a Section 2255 motion without first offering the moving party the opportunity to withdraw the motion rather than have it so recharacterized.  As the Second Circuit recognized in Adams v. United States, 155 F.3d 582 (2d Cir. 1998) (per curiam), because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[1] places stringent limits on a prisoner's ability to bring a second or successive habeas petition under Section 2255, the sua sponte conversion of pleadings to Section 2255 motions might be "extraordinarily harmful to a prisoner's rights."  Id. at 583-84.  The Second Circuit went on to hold that:

> [D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have is so characterized.

Id. at 584.

In light of the foregoing, Shoemaker is directed to advise the Court in writing **within thirty (30) days** of the filing date of this Order whether she consents to the recharacterization of her motion as a Section 2255 motion, or whether she wishes to

---

[1] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

withdraw her motion rather than have it so recharacterized.

WHEREFORE, it is hereby

ORDERED, that Shoemaker advise the Court in writing **within thirty (30) days** of the filing date of this Order whether she consents to her motion being recharacterized a Section 2255 motion, or whether she wishes to withdraw her motion rather than have it so recharacterized, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties by regular mail.

IT IS SO ORDERED.

_____
Lawrence E. Kahn
U.S. District Judge

DATED:   April 14, 2005
         Albany, New York